```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

United States of America,       :

    Plaintiff,              :

  v.                              :       Case No. 2:11-mj-238

Kevin R. Weiner,                :       Magistrate Judge Kemp

    Defendant.              :

<u>ORDER</u>

The defendant appeared before the Court on March 28, 2011 for a detention hearing. Following the hearing, the Court took the matter of detention or release pending trial under advisement. The Court now orders defendant detained without bond pending trial.

Defendant was charged in a criminal complaint filed on March 23, 2011, with violating 18 U.S.C. §2422(b) by attempting to sexually coerce and entice a minor by computer. He waived a preliminary hearing, so the Court may presume there is probable cause to believe that he committed the offense. In addition, the United States presented evidence at the hearing, in the form of testimony from Internet Task Force Officer Dan Johnson, concerning the circumstances of the crime and related information.

The crime itself consisted of defendant's posting an advertisement on craigslist and subsequently establishing computer communication (email) with an undercover officer posing as a fourteen-year-old. Eventually, defendant arranged a meeting with the officer for purposes of performing oral sex. He was arrested at the meeting site. After his arrest, he acknowledged that he had a problem with child pornography as well, and images of nude children were found on his computer.

Subsequent investigation revealed that defendant has also

been accused by other minors of inappropriate conduct. These allegations included an alleged victim who is now 18, and two young teens who complained that defendant had either touched them inappropriately or, on one occasion, engaged in an oral sex act.

>Legal Standard Applicable. A presumption of detention arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims, including violations of 18 U.S.C. §2242. Section 3142(e) states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to

the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure

the defendant's appearance.  United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, in addition to the presumption, the Court notes that the defendant is facing a term of imprisonment of between ten years and life.  The allegations of sexual contact with other minors, and the defendant's possession of images of child pornography, are also especially troublesome.

There are some countervailing factors.  According to the Pretrial Services report, the defendant has strong ties to the Columbus community, and he has served in the United States Navy.  He has no significant criminal history, and he would have a stable residence if released.  He could be placed on electronic monitoring.  He has a good employment history and there is no indication that he abuses drugs or alcohol.  The Pretrial Services office recommended release on conditions, although the report did not take into account the additional information presented at the hearing about the possibility of additional victims or past offenses.

There is no question that the mere possession of child pornography poses a danger to the community.  See United States v. Brown, 2008 WL 2098070, *3 (S.D. Ohio May 16, 2008) (Frost, J.), citing United States v. Reiner, 468 F.Supp. 2d 393, 397 (E.D.N.Y. 2006).  Such a crime is also classified as a crime of violence.  Id.  Actually arranging for a meeting with a minor for purposes of engaging in sexual contact is a more serious crime, and is also properly considered to be a crime of violence.  See United States v. Smith, 20 Fed. Appx. 412 (6th Cir. September 25, 2001); see also United States v. Searcy, 418 F.3d 1193 (11th Cir. 2005); cf. United States v. Champion, 248 F.3d 502 (6th Cir. 2001).  It is difficult to overestimate the danger posed by a defendant who not only openly solicits sexual contact on a public

forum such as craigslist, but who then arranges a meeting with someone believed to be only fourteen years old and who actually appears for the meeting.  The existence of child pornography on defendant's computer and the other complaints against him, while certainly not proven at this point beyond a reasonable doubt, call into question whether any release conditions would be sufficient to safeguard the community against the commission of offenses either directly against minor victims or in violation of the child pornography laws.  As the Court recognized in <u>United States v. Brown, supra</u>, conditions such as electronic monitoring or even a third-party custody arrangement may be insufficient in a case like this to protect the community.

This would perhaps be a different case if the penalty were not so severe, if defendant did not also possess child pornography, and if there was no evidence that he had ever engaged in sexual conduct with other minors.  If these factors were not present, the recommendation of release made by the Pretrial Services officer might be appropriate.  But this is not that case, and here, the evidence, taken as a whole, leads the Court to conclude that the presumption of detention, even if addressed by some of the positive facts in the Pretrial Services Report, is weighty enough to carry the day in favor of the United States' request for detention without bond.  Thus, the Court grants that motion.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge